# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| THAD LOUIS GARRETT,<br><br>        Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | No. C 14-4095-MWB<br><br>**ORDER REGARDING REPORT AND RECOMMENDATION** |

In this case, plaintiff Thad Louis Garrett seeks judicial review of a final decision of the Commissioner of Social Security denying his application for Social Security Disability benefits (DIB) and Supplemental Security Income benefits (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. This case is before me on Chief United States Magistrate Judge Jon Stuart Scoles's July 7, 2015, Report And Recommendation (docket no. 14), recommending that the Commissioner's determination that Garrett was not disabled be reversed and remanded for further proceedings. No party filed any timely objections to the Report and Recommendation.

The applicable statute provides for *de novo* review by the district judge of a magistrate judge's report and recommendation, when objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). On the other hand, in the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also Peretz v.*

*United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review *only* when a party objected to the magistrate's findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). The Eighth Circuit Court of Appeals has indicated, however, that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record").

Here, in the absence of any objections, I have reviewed Chief Judge Scoles's Report and Recommendation for clear error. I find no such no clear error in Chief Judge Scoles's Report and Recommendation, in light of the record.

Therefore, I **accept** Chief Judge Scoles's July 7, 2015, Report and Recommendation (docket no. 14), without modification. 28 U.S.C. § 636(b)(1). Pursuant to his recommendation, the Commissioner's determination that Garrett was not disabled is **reversed and remanded** for further proceedings consistent with Chief Judge Scoles's Report and Recommendation. The Clerk of Court shall enter judgment against the Commissioner and in favor of Garrett.

**IT IS SO ORDERED**.

**DATED** this 13th day of October, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA